IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50290
Conference Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOHN LEON ROBINETTE,

                              Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-88-CR-130-1
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

John Leon Robinette, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to correct sentence under FED. R. CRIM. P. 35(a). Current Rule 35(a), which applies to offenses committed on or after November 1, 1987, does not apply to Robinette's case as his offenses did not occur on or after that date. See FED. R CRIM. P. 35(a). Construing his motion as one under former Rule 35, Robinette's arguments also fail. The version of Rule 35 applicable to offenses committed

_____

   [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

before November 1, 1987, provided that: "The court may correct an illegal sentence[**] at any time."  See FED. R. CRIM P. 35.

Nevertheless, contrary to Robinette's contentions, there was no basis for the district court to sentence him under the Sentencing Guidelines as he was already in custody and incapable of further offense conduct when the guidelines took effect.  See FED. R. CRIM P. 35 (Editorial Notes).

Robinette's request that we treat his filing as a writ of error coram nobis, rather that a Rule 35 motion, is denied.  As Robinette is still in custody, the requested writ is not available to him.  See United States v. Morgan, 346 U.S. 502, 509 (1954).

Because Robinette's appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Robinette's motion to unseal documents is DENIED.  Robinette is hereby cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Robinette is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.  See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).

---

[**] The "illegality" referred to in this rule is one disclosed by the record such as a sentence in excess of statutory provision or in some other way contrary to applicable statute.  3 WRIGHT ET AL., FED. PRAC. & PROC. § 582 at 381.